**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STATE OF NEW YORK – State University of**
**New York – University at Buffalo,**

                                **Plaintiff,**

                  **v.**                                                      **1:06-CV-1320**
                                                                    **(FJS/RFT)**

**ROLAINE K. STODDARD,**

                                **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **OFFICE OF NEW YORK STATE** | **RICHARD W. CROSS, AAG** |
| **ATTORNEY GENERAL** | |
| The Capitol | |
| Albany, New York 12224 | |
| Attorneys for Plaintiff | |
| **ROLAINE K. STODDARD** | |
| Glenwood, New York 14069 | |
| Defendant _pro se_ | |

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       The Clerk of the Court has sent Defendant Rolaine K. Stoddard's Notice of Removal, _see_

Dkt. No. 1, to the Court for its review.[1]  In her Notice of Removal, Defendant asserts that this

action is removable from state court to federal court because the debt that is the subject of the

removed action "was created and sustained through civil rights violations and unlawful whistle-

_____

      [1] Defendant also filed an application to proceed _in forma pauperis_, _see_ Dkt. No. 2, and a
"Motion to Consolidate & Remand to WNY District Court Judge Leslie Foschio," _see_ Dkt. No.
3.

blower retaliation on the part of Plaintiff." *See* Dkt. No. 1 at 2.

## II. DISCUSSION

Section 1441 of Title 28 of the United States Code allows for removal of an action filed in state court only if the action could have originally been filed in federal court. *See Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) (citations omitted).  A plaintiff may file a complaint in federal court only if that court has subject matter jurisdiction over the claims.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented, i.e., when the action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy, "exclusive of interest and costs," exceeds $75,000, 28 U.S.C. § 1332.  In this case, Defendant claims that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, the federal question statute.[2]

Section 1446 of Title 28 of the United States Code governs the removal of a civil action from a state court to a federal court.  This statute provides, in pertinent part, that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

---

[2] Since, among other things, the amount in controversy appears to be substantially less than $75,000, the Court would not have subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

Once a case is removed from a state court to a federal court, § 1447 governs the procedures that the courts and the parties must follow. Under this statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added).[3]

Apparently, Defendant is relying on the second paragraph of § 1446(b) to argue that the underlying state-court action first became removable to federal court on October 20, 2006, and

_____

[3] Alternatively, § 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). . . ." 28 U.S.C. § 1447(c). Likewise, a federal court may *sua sponte* remand a case to the appropriate state court on grounds other than lack of subject matter jurisdiction within that same time frame. *Cf. Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that "a district court may not act to remand on its own motion more than 30 days after removal in the absence of a party's timely remand motion"); *Hamilton v. Aetna Life & Casualty Co.*, 5 F.3d 642, 643-33 (2d Cir. 1993).

In this case, it is clear that Defendant did not file her Notice of Removal within thirty days after she received, "through service or otherwise, . . . a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). At the latest, Defendant received a copy of the Verified Complaint in the underlying state action in August 2003. *See* Dkt. No. 1, Attached Verified Complaint. Defendant filed her Notice of Removal with this Court on October 31, 2006 – more than three years after she was served with the initial pleading in the state-court action. Therefore, because Defendant's Notice of Removal is untimely and less than thirty days has elapsed since Defendant filed her Notice of Removal, the Court could remand this case *sua sponte* based upon this procedural defect.

that, therefore, her Notice of Removal is timely.  *See* Dkt. No. 1, Notice of Removal at 1.

Specifically, Defendant states that

> [t]his case first became clearly removable to the Federal Court on October 20, 2006 after Plaintiff [acting as a defendant] served discovery documents upon the Defendant on Sept 30, and then conducted a Deposition of Defendant on Oct 20, 2006 for a related legal matter now being heard in the WNY Federal District Court before Judge Foschio.  The line of questioning taken & the evidence presented during the Deposition by the NYS Attorney General's Office indicated that this case's subject matter had just been converted over from a stipulated issue between the parties to an issue now arguable at trial.

*See* Dkt. No. 1, Notice of Motion at 1.

The Court need not decide whether Defendant's Notice of Removal is timely because, even if it were, in order to avoid remand, she would still need to establish that Plaintiff's complaint presents a federal question.

> Whether a case presents a federal question "must be determined from what necessarily appears in the plaintiff's statement of his . . .claim . . . unaided by anything alleged in anticipation . . . of defenses which it is thought the defendant may impose." *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S. Ct. 724, 725, 58 L. Ed. 2d 1218 (1914), cited with approval in *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983) ("*Franchise*"). . . .  **Under this "well-pleaded complaint rule," removal on federal question grounds is not supported by a defendant's assertion of a federal issue.** ***Id.***  **Correspondingly, a federal defense cannot serve as a basis for federal jurisdiction. . . .**

*Int'l Tin Council v. Amalgamet Inc.*, 645 F. Supp. 879, 881 (S.D.N.Y. 1986) (internal citations omitted) (emphasis added).

Thus, "[r]emoval is proper only if the federal question appears plainly on the face of a 'well-pleaded complaint.'" *Fax Telecommunicaciones Inc.*, 138 F.3d at 486 (citations omitted).

Moreover, "[b]ecause federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal." *Mahl Bros. Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 307 F. Supp. 2d 474, 485 (W.D.N.Y. 2004) (citing *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)). "Further, it is the removing party's burden to demonstrate the existence of federal jurisdiction." *Id.* (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper . . . .")).

Plaintiff commenced this action in state court to collect back tuition that Defendant allegedly owed it for classes that she had taken through the State University of New York at Buffalo. Defendant removed the state-court action to this Court and now asks that this Court transfer the matter to the United States District Court for the Western District of New York for consolidation with a civil rights action that Defendant has pending in that District. It appears that Defendant wishes to use the civil rights action that she filed in the Western District of New York as a defense to New York State's attempt to collect her tuition debt in this action. Defendant does not explain, however, how the underlying state-court action itself presents a federal question subject to removal.

In *Buffalo Enters. Dev. Corp. v. Elia*, 996 F. Supp. 243 (W.D.N.Y. 1997), the court rejected a similar tactic and granted the plaintiff's motion to remand. In that case, the defendants in a state-court action filed a civil rights action in federal court asserting claims arising out of the same transactions involved in the state-court action that the defendants wanted to remove to

federal court.  The court granted the plaintiff's motion to remand, explaining that

> the fact that the defendants have now filed a civil rights action in
> federal court asserting claims arising from the same transactions
> involved in the state court foreclosure action . . . and have moved
> to consolidate that action with this one . . . does not affect this
> court's determination of the plaintiff's motion for remand.  This
> court is limited to an examination of the allegations in plaintiff's
> complaint in the underlying action "to determine whether the
> substance of those allegations raises a federal question."  *W. 14th
> St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 193
> (2d Cir. 1987).  As the Second Circuit recently stated: Aside from
> diversity of citizenship jurisdiction, a case generally may be filed
> in federal court only if a federal question appears on the fact of the
> plaintiff's "well-pleaded complaint."  Therefore, if a complaint
> alleges only state law based causes of action, it cannot be removed
> from state court to federal court even if there is a federal defense.
> *Hernandez v. Conriv Realty Associates*, 116 F.3d 35, 37 (2d Cir.
> 1997) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107
> S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).

*Buffalo Enters. Dev. Corp.*, 996 F. Supp. at 244-45.

Applying this well-reasoned explanation to the present case, the Court reaches the same

result.  Even a cursory review of the complaint in the present action demonstrates that it does not

present a federal question on its face.  Nowhere in that complaint does Plaintiff allege that it is

asserting a claim under either the United States Constitution or any federal statute.  To the

contrary, reduced to its simplest terms, Plaintiff is attempting to do nothing more than to collect a

debt that Defendant owes to it.  The fact that Defendant has now decided that she wishes to use

her civil rights action as a defense to her alleged debt does not convert the state-court claim

asserted in the underlying complaint into a federal question.  Accordingly, the Court concludes

that it lacks jurisdiction over this action pursuant to 28 U.S.C. § 1331 and that this action,

therefore, must be remanded to the state court from which Defendant removed it.

## III. CONCLUSION

After carefully reviewing the entire file in this case and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Clerk of the Court take the steps necessary to **REMAND** this action to the state court from which Defendant removed it; and the Court further

**ORDERS** that, in light of this remand, Defendant's application to proceed *in forma pauperis* and her motion to consolidate and remand this action to the United States District Court for the Western District of New York are **DENIED AS MOOT**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: November 28, 2006
　　　　Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge